IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| MIGUEL GONZALEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:06cv204(JCC) |
| | ) | |
| MCNEIL TECHNOLOGIES, INC. | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants'

motion for partial summary judgment.  For the following reasons,

the Court will deny Defendants' motion.

**I.  Background**

This action arises out of an alleged willful failure to

pay overtime wages, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*  Plaintiffs, Miguel Gonzalez,

Floyd Dortch, and Alfred D. Sullivan, have filed this action

against McNeil Technologies, Inc. ("MTI"), McNeil Security, Inc.

("MSI"), James McNeil, and Ronald Thomas.  Plaintiffs allege that

Defendants employed each of them to work as security guards

within Virginia and Maryland, and Plaintiffs seek to represent

all past and present employees of Defendants who performed

security guard services in the District of Columbia metropolitan

area.

MSI is a subsidiary of MTI, which, according to Defendants, is engaged in a separate and distinct line of business.  Defendants claim that MSI has no connection whatsoever to the facts alleged by Plaintiffs in their complaint.  As such, Defendants have filed a motion for partial summary judgment, seeking the dismissal of MSI as a party to this action. This motion is currently before the Court.

## II.  Standard of Review

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of fact exists if a reasonable jury could return a

-2-

verdict for a nonmoving party.  *See id.*  In other words, summary

judgment appropriately lies only if there can be but one

reasonable conclusion as to the verdict.  *See id.*  As the Fourth

Circuit explained,

> [W]e must draw any permissible inference from the
> underlying facts in the light most favorable to the
> party opposing the motion. Summary judgment is
> appropriate only where the record taken as a whole
> could not lead a rational trier of fact to find for the
> non-moving party, such as where the non-moving party
> has failed to make a sufficient showing on an essential
> element of the case that the non-moving party has the
> burden to prove.

*Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992)

(citations omitted), *abrogated on other grounds in Hazen Paper*

*Co. v. Biggins*, 507 U.S. 604 (1993).

### III.  Analysis

Defendants primarily rely on the sworn declaration of

Ronald Thomas, an individual Defendant, the Chief Executive

Officer of MTI, and the President of MSI.  According to Thomas,

MSI is run independently from MTI and has a business purpose that

is distinct from that of MTI.  MSI was established to compete for

a contract to provide airport security screening, and MSI's only

operations occur at the airport in Rochester, New York, where it

performs work on this airport security screening contract.  As

such, all of MSI's employees are located in Rochester, with the

exception of two administrative employees who work in Virginia,

the location of MSI's corporate headquarters.

-3-

Thomas testifies that MSI has never employed any of the Plaintiffs and that MSI does not employ any access control officers, the position that Plaintiffs held with MTI. Thomas also claims that MSI does not share employees or first-level supervisors with MTI. Finally, Thomas states that MSI has its own policies pertaining to human resources, benefits, compensation, and pay administration. Based on these representations, Defendants argue that MSI has never employed any persons who could be covered by Plaintiffs' complaint and that it thus has no connection to the facts alleged by Plaintiffs.

Under the FLSA, Plaintiffs have the right to bring an action for unpaid overtime wages on their own behalf as well as on behalf of employees who are "similarly situated." 29 U.S.C. § 216(b). Assuming without deciding that Defendants are correct in asserting that MSI did not employ Plaintiffs in any manner, the issue before the Court is whether Plaintiffs are similarly situated with MSI employees. As this Court has previously stated, "[m]ere allegations will not suffice; some factual evidence is necessary" to demonstrate that MSI employees are similarly situated. *Bernard v. Household Intern., Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002). In *Bernard*, this Court denied a motion for approval of notice to a class where the plaintiffs failed to prove that the class consisted of employees who were similarly situated to the plaintiffs. *Id.* at 435-36. Central to

-4-

the Court's reasoning was a lack of evidence showing that uniform employment policies covered the plaintiffs and the employees who were claimed by the plaintiffs to be similarly situated. *See id.*

In this case, according to Defendants, MSI employees are governed by employment policies that are distinct from those governing MTI employees. Defendants also claim that MSI employees are not similarly situated to Plaintiffs because MSI does not employ access control officers. *See Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D.N.J. 2000) (stating that a FLSA collective action would be appropriate only where the plaintiffs showed that the nature of the work performed by other claimants was similar to their own). Plaintiffs have not cited any persuasive evidence to rebut Thomas's declarations on these points.

Nevertheless, the Court finds that summary judgment is premature. At the present time, the parties have not engaged in any discovery at all. The issue of whether MSI employees are similarly situated with Plaintiffs turns largely on information within Defendants' control.[1] Before Plaintiffs are required to respond to a motion challenging the lack of evidence showing that MSI employees are similarly situated, they are entitled to a

---

[1] For example, while Thomas has testified that different human resources, benefits, compensation, and pay administration policies govern MSI and MTI employees, neither party has cited the policies themselves. Given that the uniformity of the employment policies is a critical inquiry in determining whether MSI employees are similarly situated, Plaintiffs are entitled to an opportunity to examine the policies for themselves.

-5-

reasonable opportunity to obtain such evidence.  As such, summary

judgment is inappropriate at this time.

### IV.  Conclusion

For the foregoing reasons, the Court will deny

Defendants' motion for partial summary judgment.  An appropriate

Order will issue.


June 12, 2006                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE